**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                        Case No.   6:09-cr-217

**MICHAEL KENNEDY**

### DEFENDANT'S MOTION FOR CHANGE OF VENUE

COMES NOW the Defendant, Michael Kennedy, by and through undersigned counsel, and respectfully moves this Honorable Court to change the venue of the trial in the above-captioned matter from the Orlando Division to the Ocala Division, Middle District of Florida.  In support thereof, the undersigned respectfully represents the following:

1.  The Local Rules for the Middle District of Florida state that "All criminal proceedings of any kind shall be docketed and tried in that Division encompassing the county or counties in which the alleged offense or offenses were committed; ...". [Rule 1.02(d)].  Further, the said Rules state that "The Ocala Division shall consist of the following counties: Citrus, Lake, Marion, and Sumter.  The place of holding court shall be Ocala." [Rule 1.02(b)(2)].

2.  The Indictment in this case, filed on October 29, 2009, alleges that the Federal Correctional Complex - Coleman (FCC - Coleman) was a federal correctional complex in Coleman, Sumter County, Florida, in the Middle District of Florida.  It further states that the alleged criminal offenses occurred at FCC Coleman, which is located in Sumter County, Florida.

3.  The Defendant lives much closer to Ocala, and most of the witnesses that are expected to be called at the trial work at FCC Coleman, and live in that general area.  It would be a major imposition on the Defendant and his witnesses for them to be expected to travel to Orlando for the proceedings in this case.

4. The Defendant and his attorneys have known that an Indictment could happen and the Defendant's attorneys have been involved in this case for more than two years, even having appeared at Washington, D.C., for the hearing before the Capital Crimes Review Committee. The Defendant's attorneys have made arrangements for travel and accommodations near Ocala, believing that the case would be tried in the Division where the offenses are alleged to have occurred. In addition, local counsel has been retained near Ocala for assistance at court hearings. It would be a major imposition for the Defendant's attorneys and local counsel to be forced to travel to Orlando for the proceedings in this case.

5. The Defendant self-surrendered on the Indictment in Ocala, where the offenses are alleged to have occurred, and where the Defendant and his attorneys have always believed maintained proper venue. The Clerk's Minutes for the Initial Appearance in front of Judge Gary R. Jones reflect that "This case was mistakenly assigned an Orlando Division case number and will be re-assigned to the Ocala Division."

6. Absent any sort of a showing to the contrary, the Defendant should be entitled to have his trial held in the Division where the offenses are alleged to have occurred, and there has been no finding by the Court or showing by any interested party that this case should be transferred from the Ocala Division to the Orlando Division.

## CERTIFICATION

In accordance with Paragraph II.D. of the Criminal Scheduling Order, the undersigned certify that they have conferred with the counsel for the United States regarding this motion; the parties have been unable to resolve the motion by agreement; and the motion concerns matters which are not covered by the Scheduling order. The undersigned are authorized to represent that the counsel for the United States is opposed to this Motion.

For the foregoing reasons, the Defendant respectfully moves this Honorable Court to grant this Motion and move the venue of the trial in the above-captioned case from the Orlando Division to the Ocala Division in the Middle District of Florida.

Respectfully submitted

 **/s/ Johnnye L. Friedrich**
Johnnye L. Friedrich
Haag, Haag & Friedrich, PA
452 Pleasant Grove Rd
Inverness, FL 34452
352/726-0901
Attorney for Defendant

**/s/ Brian R. McLaughlin**
Brian R. McLaughlin
McLaughlin & Sanders, PLLC
109 East Main St
Stigler, OK 74462
918/967-9271
Attorney for Defendant

**/s/ David L. Wilson**
David L. Wilson
David L. Wilson, Attorney at Law
202 N. Broadway
P.O. Box 268
Stigler, OK 74462-0268
918/967-4661
Attorney for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 11, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Office of the United States Attorney, and further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following: none.

/s/ Brian R. McLaughlin