UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.          CASE NO. 6:09-cr-217-Orl-22DAB

MICHAEL KENNEDY

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR CHANGE OF VENUE**

The United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, hereby responds in opposition to Defendant's Motion For Change of Venue, Doc. 24, as follows:

**STATEMENT OF FACTS**

1.      The United States intends to call a significant number of witnesses who are incarcerated in federal prisons throughout the United States.  In addition to the normal security concerns regarding federal inmates, these witnesses have additional security handling requirements that will require extraordinary separation and protection, not only from each other but from all other detainees that will be housed in local jails under federal contracts with the U.S. Marshals Service.

2.      Due to the large number of these witnesses, the transportation, housing, and timely production of these witnesses present unusual logistical and security difficulties for the Department of Justice's Office of Enforcement Operations and the United States Marshals Service.   Orlando is centrally located within the District with easy access to major highways leading in all directions to all nearby confinement facilities.

3.  The companion case to this case, <u>United States v. Erin Sharma</u>, Case No. 6:09-cr-1-Orl-19GRJ, was transferred from the Ocala Division to the Orlando Division upon motion by the United States, Doc. 65, for inmate-witness security reasons, and the same inmate-witnesses are expected to testify in this case. The production of witnesses in the <u>Sharma</u> trial proceeded smoothly, without any unnecessary delay for the jury or the Court caused by inmate transportation and security, due in part to the fact that the case was tried in the Orlando Division.[1]

4.  The undersigned is advised that effective on or about November 1, 2009, Ocala Division criminal cases were to be evenly divided between Judge Hodges in Ocala and Orlando Division District Judges. The indictment in this case was returned on October 29, 2009. The case initially was assigned to Senior District Judge G. Kendall Sharp, who, by Order filed on November 4, 2009, directed the Clerk to randomly assign it to another District Judge for further proceedings. Doc. 13.

## MEMORANDUM OF LAW and ARGUMENT

Rule 18 of the Federal Rules of Criminal Procedure provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a <u>district</u> where the offense was committed. The court must set the place of trial within the <u>district</u> with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. (Emphasis added).

---

[1] Also, the agents and Deputies assigned to the Office of Enforcement Operations and the United States Marshals Service worked tirelessly over many long hours and days to help ensure a delay-free trial, and their contribution should not go unrecognized.

The Local Rules provide that the Court may, within its discretion, or for good cause shown by any interested party, order that the trial of a criminal case be transferred from one Division to another.  Local Rule 1.02(e).

"A district court has discretion to fix the place of a trial in any division within the district[.]"  United States v. Merrill, 513 F.3d 1293, 1304 (11th Cir. 2008) (relocation based, in part, on security concerns).  This Court's concern over security has prompted relocation of certain Ocala Division cases to the Orlando Division.  See, e.g., United States v. Pritt, et al., Case No. 5:09-cr-24-OC-10GRJ, Order at Docket #6, filed June 29, 2009; United States v. Graves, et al., Case No. 5:09-cr-26-OC-10GRJ, Order at Docket # 5, filed June 29, 2009.

The trial of this case will again require considerable logistical and manpower effort in order to avoid unnecessary delay for the jury and the Court that otherwise could be caused by inmate security issues.  Trying the case in Orlando rather than Ocala provides easier highway access and more housing options for the inmate witnesses, thus, problems are far less likely to arise by keeping the case in the Orlando Division.  The prompt administration of justice will best be served by keeping the trial of this case in the Orlando Division.

**CONCLUSION**

For all the foregoing reasons, the Defendant's motion should be denied.

        Respectfully submitted,

        A. BRIAN ALBRITTON
        United States Attorney

By:   *s/ Bruce S. Ambrose*
        Bruce S. Ambrose
        Assistant United States Attorney
        USA No. 075
        501 West Church Street, Suite 300
        Orlando, Florida 32805
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: Bruce.Ambrose@usdoj.gov

        LORETTA SCOTT KING
        Acting Assistant Attorney General

By:   */s/ Douglas Kern*
        Douglas Kern
        Trial Attorney
        U.S. Department of Justice
        Civil Rights Division
        Criminal Section
        601 D St. NW
        Washington, DC 20004
        E-mail: doug.kern@usdoj.gov

U.S. v. KENNEDY                                    Case No. 6:09-cr-217-Orl-22DAB

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Johnnye L. Friedrich, Esq.
    Brian R. McLaughlin, Esq.
    David L. Wilson, Esq.

    *s/ Bruce S. Ambrose*
    Bruce S. Ambrose
    Assistant United States Attorney
    USA No. 075
    501 West Church Street, Suite 300
    Orlando, Florida  32805
    Telephone:   (407) 648-7500
    Facsimile:    (407) 648-7643
    E-mail: Bruce.Ambrose@usdoj.gov