UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.	CASE NO: 6:09-cr-217-Orl-22TBS

MICHAEL KENNEDY

    Defendant.

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Compel the Government to File a Reduction in Defendant's Sentence under FED. R. CRIM. P. 35 (Doc 186). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### Background

The facts are not disputed. On October 29, 2009, the United States charged Defendant, a former federal prison guard, with violations of 18 U.S.C. §§ 241 and 242, for conspiring with another guard to deprive an inmate of the constitutional right to be free from cruel and unusual punishment (Doc. 1). After a jury trial, Defendant was convicted on both counts (Doc. 118). On December 14, 2010, the Court sentenced Defendant to 108 months of imprisonment, to run concurrently as to both counts of the indictment (Docs. 164,166).

In 2011 and 2012, Defendant provided significant cooperation to the state of Florida in an unrelated criminal case (Doc. 186 at 7). On April 14, 2015, Assistant State Attorney Sheri Maxim sent a letter to the federal government, citing Defendant's cooperation in that unrelated case in support of a reduction in Defendant's sentence (Id.). The United States considered the request, and, on May 5, 2015, sent a letter to defense

counsel advising that the government would not file a Rule 35 motion for Defendant (Doc.186 at 9). The United States advised that it had determined that Defendant's "service to the State of Florida did not substantially mitigate the harms he wrought upon society through his criminal conduct" and that a reduction of his sentence "would be inconsistent with the seriousness of his offenses." (Id.). This motion was filed nineteen months later.

## Discussion

Pursuant to the applicable portion of Rule 35:

> **(b) Reducing a Sentence for Substantial Assistance**.
>
> **(1) In General**. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
> **(2) Later Motion**. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> **(A)** information not known to the defendant until one year or more after sentencing;
>
> **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

FED. R. CRIM. P. 35(b) (1) and (2). No such motion has been filed here and the issue is whether Defendant can compel the government to do so.

The government's discretion whether to seek a substantial assistance reduction is "vast." United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008). When the

defendant has provided substantial assistance, the government has the power, but not the duty, to file a substantial assistance motion. Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) (addressing the government's failure to file a substantial assistance motion in the 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 context); McNeese, 547 F.3d at 1308-09 (applying Wade in the Rule 35(b) context). "Federal courts may review the government's refusal to file a substantial assistance motion only if the defendant makes a 'substantial threshold showing' that the refusal was based on an unconstitutional motive, such as race or religion." United States v. Merritt, No. 16-10848, 2017 WL 382312, at *1 (11th Cir. Jan. 27, 2017), citing Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. Contentions that the government has "motivations beyond the defendant's provision of substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review." McNeese, 547 F.3d at 1308-09, citing United States v. Nealy, 232 F.3d 825, 831 (11th Cir.2000). "A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation).

Here, Defendant acknowledges that district courts lack authority to grant a downward departure absent the government's motion, but contends that, pursuant to Wade, "there is a narrow space for a defendant to challenge the government's refusal to file a substantial assistance motion" and the present circumstances "fall within" that space (Doc. 186 at 3-4). Defendant argues that the government's motive in failing to file a

substantial assistance motion on his behalf is "solely predicated on its conception of what constitutes a legitimate sentence," and this improperly infringes on the role of the Court to make sentencing decisions. As support, Defendant cites Judge Weinstein's analysis in United States v. Polizzi, 549 F. Supp.2d 308 (E.D.N.Y. 2008), *vacated* United States v. Polouizzi, 564 F.3d 142, 163 (2d Cir. 2009).

I find that Defendant's concerns about the Court's role in sentencing do not constitute a substantial showing that the government's refusal to file a substantial assistance motion was due to a constitutionally impermissible motivation. Considerations of the nature of the assistance, the facts of the case and the harms inflicted on society from the criminal conduct fall well within prosecutorial discretion and are not unconstitutional considerations in deciding whether to file a Rule 35 motion. See McNeese, 547 F.3d at 1309 ("The government's desire to retain some control over McNeese's sentence is not of the same ilk as those unconstitutional motives described by the Supreme Court, namely the defendant's race or religion."). Consequently, I find that Defendant has not made the threshold showing necessary for review or relief.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **DENIED.**

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record